908 F.2d 968
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carl E. THOMPSON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-2834.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 28, 1990.
Decided: June 26, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CA-88-971-5).
 Robert S. Baker, Appalachian Research and Defense Fund, INC., Beckley, W.Va., for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Jacquelyn Cusumano, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa.; Michael W. Carey, United States Attorney, Kurt E. Entsminger, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 Before K.K. HALL, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Carl E. Thompson appeals the order of the district court affirming the Secretary's denial of his claims for disability benefits under Titles II and XVI of the Social Security Act, as amended, 42 U.S.C.A. Secs. 401 et seq. (West 1983 & Supp.1990) and Secs. 1381 et seq. (West 1983 & Supp.1990). We reverse and remand with instructions for further proceedings consistent with this opinion.
 
 I.
 
 2
 Thompson filed an application for disability and supplemental security income benefits in April 1985 alleging disability as of March 1985 due to back and shoulder pain and residuals of polio. His claim was denied initially and on reconsideration.* A hearing before the ALJ was held on October 30, 1987. The ALJ found that Thompson was not disabled and had the residual functional capacity to perform sedentary work "reduced by limitations against work of stressful nature and against excessive bending, lifting and walking." Finding that these limitations did not preclude Thompson from performing a significant number of occupations in the national economy, the ALJ determined that Thompson was not disabled as defined in the Social Security Act. The Appeals Council denied review. On judicial review, the district court adopted the magistrate's recommendation and affirmed the ALJ's decision as supported by substantial evidence.
 
 II.
 
 3
 The scope of judicial review of the Secretary's factual findings is limited to whether they are supported by substantial evidence. 42 U.S.C.A. Sec. 405(g) (West 1983); 42 U.S.C.A. Sec. 1383(c)(3) (West Supp.1990); Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is
 
 
 4
 evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."
 
 
 5
 Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966)).
 
 
 6
 On appeal Thompson contends that the ALJ erred by failing to find that he meets Listed Impairment section 1.05(C), 20 C.F.R. Part 404, Subpt. P., App. 1 (1989). The ALJ found that:
 
 
 7
 [T]he medical evidence establishes that the claimant suffers from the residuals of poliomyelitis manifested by poor gait with poor muscle strength, and anxiety, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
 
 
 8
 This finding is too conclusory. "The ALJ should have identified the relevant listed impairments. He should then have compared each of the listed criteria to the evidence of [claimant's] symptoms. Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir.1986).
 
 III.
 
 9
 Thompson also contends that the Secretary erred in finding that his "subjective complaints, including pain, are not consistent with the medical evidence of record." We agree. The objective medical evidence in the record is replete with conclusions that Thompson suffers from conditions causing chronic back and shoulder pain. Walker v. Bowen, 889 F.2d 47, 49 (4th Cir.1989). As we reaffirmed in Walker, "pain itself can be disabling, and it is incumbent upon the ALJ to evaluate the effect of pain on a claimant's ability to function." Id.
 
 
 10
 Further, the ALJ did not include pain as one of Thompson's impairments when he questioned the vocational expert. "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." Id. at 50 (citation omitted).
 
 IV.
 
 11
 We reverse and remand to the district court with instructions to remand to the Secretary for a specific determination of whether Thompson meets Listed Impairment section 1.05(C) and for appropriate consideration of the effect of his pain on his ability to function.
 
 
 12
 Thompson's remaining contentions are without merit.
 
 REVERSED AND REMANDED WITH INSTRUCTIONS
 
 
 *
 While Thompson's request for a hearing before an Administrative Law Judge (ALJ) was pending, a change in the Social Security laws occurred entitling Thompson to a new decision by the state agency. Thompson's claim was again denied by the state agency and he renewed his request for a hearing before an ALJ